## P. T. GEORGE & CO. vs. E. N. MORISON & CO. ET AL.

*Partnership of Which an Insolvent Debtor Was a Member Not Entitled to Payment of Its Claim Out of His Individual Estate Until After Payment of His Individual Creditors.*

When an insolvent debtor makes an assignment of his individual property for the benefit of his creditors, a co-partnership, of which the insolvent was a member and to which he is indebted, is not entitled to share in the distribution of his individual assets until his individual creditors have been first paid in full.

A., one of the members of a firm to which he was largely indebted, withdrew from the firm and made an assignment of his property for the benefit of his creditors without preference. The firm, which was also insolvent, assigned all its assets to a corporation composed of its creditors who accepted the assignment in satisfaction of the debts due to them. A.'s partners claimed to be entitled to share with A.'s individual creditors in the distribution of his estate. *Held.*

1st. That the claim for the indebtedness of A. to the firm should have

been filed by the corporation to which the firm's assets had been transferred.

2nd. That even if the claim had been asserted by the corporation, it is not entitled to share equally with A.'s individual creditors, because the indebtedness arose out of transactions between A. and his co-partners, and was due, not to the latter as individuals, but to the firm, and the case is within the rule that a firm of which an insolvent was a member and which is one of his creditors, cannot demand payment out of his individual assets until his individual creditors shall have been first satisfied.

Appeal from an order of the Circuit Court of Baltimore City, (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Joseph C. France* (with whom were *George R. Willis, Francis T. Homer* and *Samuel K. Smith* on the brief), for the appellants.

*Frank Gosnell* and *Charles McH. Howard* (with whom was *Richard M. Venable* on the brief), for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

Early in December, 1899, the firm of P. T. George & Co., which had for many years been engaged in trade in Baltimore City, became financially embarrassed and failed in business. The firm was composed of Philip T., Samuel E. and Josias J. George. Samuel E., being very heavily indebted to the firm, withdrew therefrom and made an assignment of his interest in its assets to the remaining partners, and a few days thereafter made an assignment to N. Winslow Williams for the benefit of his creditors without preference.

After Samuel E. George had left the firm its creditors accepted a transfer of all of its assets of every kind in satisfaction of the debts due to them. The transfer of the assets was effected by having the remaining partners assign them to The P. T. George Company, a corporation composed of the creditors. As the debt from Samuel E. George to the firm

formed part of its assets, that debt passed under the assignment to the P. T. George Company and became its property.

N. Winslow Williams, the trustee of Samuel E. George's individual estate under the assignment for the benefit of his creditors, administered his trust under the supervision of the Circuit Court of Baltimore City. A claim for $357,493.30, being the sum due from Samuel E. George to the firm at the date of his withdrawal therefrom, was filed in the trust estate case, by Philip T. and Josias E. George, co-partners, trading as P. T. George & Co.

Certain funds being ready for distribution among the individual creditors of Samuel E. George by the trustee, the auditor stated alternative distribution accounts in one of which the claim for $357,493.30 was allowed to participate *pari passu* with the other creditors and in the other of which that claim was excluded from participation. Certain of the other creditors filed exceptions to the allowance of the claim and the Circuit Court upon the hearing of the matter sustained the exceptions and passed an order ratifying the account which had excluded the claim and from that order the appeal was taken.

It appears from the record that the controverted claim of $357,493.30 was proven against the assets of Samuel E. George, not by the P. T. George Co. to which it had been assigned as part of the firm assets, but by Philip T. and Josias E. George, co-partners, trading as P. T. George & Co. They did not assert the claim as trustees for the corporation nor has the claim been entered to its use nor does it appear to be a party to the record in any capacity. For that reason if for no other the order appealed from must be affirmed, but in order that the right of this claim to participate in the distribution of the individual estate of the insolvent partner along with his individual debts may be settled we give expression to our views upon the merits of the case.

The doctrine of marshalling of assets and claims as between the co-partnership and individual creditors of an insolvent firm has formed, in its various aspects, an interesting and important theme of judicial discussion for two centuries in the English,

and for a shorter period in the American, Equity and Bankruptcy Courts. A recent and very full review of the historical development of the doctrine is found in the opinion of JUDGE LOWELL *In re Wilcox*, 94 F. R. 84.

From this judicial discussion there has resulted the well-settled general proposition that the individual property of the partner is applicable in the first instance to the payment of his individual debts and the firm property must be first applied to the payment of the firm debts and only the surplus, if any there be, of each fund is applicable to the payment of the other class of debts. *McCulloh* v. *Dashiell*, 1 H. & G. 96; *Glenn* v. *Gill*, 2 Md. 15; *Hull* v. *Deering*, 80 Md. 124; *Pott* v. *Schmucker*, 84 Md. 535.

The issue now before us does not, strictly speaking, involve the general proposition to which we have referred, because the contest here is not between firm creditors and individual creditors. This is a case, it is true, of the distribution in equity of the individual assets of one insolvent partner, but there are no firm creditors before the Court. The real contest is between the assignee of a debt due by the partner to a firm of which he was a member on the one hand and the holders of debts growing out of his separate transactions on the other hand.

We have referred in this connection to the general doctrine of marshalling of assets in cases of co-partnerships because under the authorities and especially under the rulings of this Court in the recent case of *Pott* v. *Schmucker*, *supra*, where there is a full discussion of the whole subject which need not be repeated here, the determination of the present issue must be controlled by a proposition which results as a corollary from the general doctrine. In *Pott's case* the trustee of an insolvent firm claimed the right to participate, as the holder of a debt due to the firm by an insolvent partner, in the distribution of a fund which the Court held was to be treated in equity as the separate estate of the indebted partner. The individual creditors of the partner excepted to the allowance of the claim and this Court sustained

their exceptions and definitely affirmed the proposition laid down by LORD THURLOW that, in the absence of fraud in contracting the debt, a firm of which an insolvent was a member, though it was also one of its creditors, could not be permitted to claim satisfaction out of his individual assets until the individual creditors had been first paid in full.    The Court in that connection further say quoting from LORD ELDON's opinion in *ex parte Harris*, 2 Ves. & B. 210: "There has long been an end of the law which prevailed in the time of LORD HARD-WICKE, whose opinion appears to have been that if the joint estate lent money to the separate estate of one partner, or if one partner lent to the joint estate, proof might be made by the one or the other in each case.    That has been put an end to, among other principles upon this certainly, that a partner cannot come into competition with separate creditors of his own, nor, as to the joint estate, with the joint creditors.    The consequence is, that if one partner lends one thousand pounds to the partnership, they become insolvent in a week, he cannot be a creditor of the partnership, though the money was supplied to the joint estate ; so, if the partnership lend to an individual partner, there can be no proof for the joint estate against the separate estate; that is, in each case no proof to affect the creditor, though the individual partners may certainly have the right against each other." Although the facts before the Court in *Pott* v. *Schmucker*, differ slightly from those of the present case the principle involved in the two cases is the same, and the rulings made in the former case can, with entire propriety, be applied to the facts of the present one.

The solicitor for the appellant did not contend that the last-named case should be overruled, but he contended with much zeal and ability that the rule there laid down did not apply to cases where there were no joint debts or where such debts, if they once existed had been paid, barred, satisfied or otherwise gotten out of the way, and that in such cases one partner who is the creditor of another may, on the insolvency of the other prove against his separate estate in competition with his other separate creditors.    He endeavored to bring the present case

within the exception thus contended for by him because the firm creditors having accepted its assets in payment of the debts due them, the debt of $357,493.30 in the present case must, in his view, be regarded as a debt due from the insolvent partner, Samuel E. George to the other two partners, and therefore held to be provable against his individual estate. We deem it unnecessary to determine whether there is such an exception to the general rule, for we do not think that the present case falls within the exception.

There have been cases in which the solvent partners having paid off the debts of the firm, were permitted to prove the balance due from the insolvent to them against his individual estate in competition with his individual creditors, upon the ground that there being no longer any firm creditors, the balance then appearing, upon an accounting between the partners, to be due from the insolvent partner to the others was, in fact, a debt due to them individually and was not a debt due to the firm, but the record before us does not present such a case. The claim here asserted did not arise out of individual transactions between the partners outside of their firm relation, but it originated in the transactions between them as partners, and it was due not to the other partners as individuals, but to the firm. Although the firm creditors may, since the creation of this debt, have accepted the firm assets in payment of its debts, the present claim can in no sense be said to represent the sum due from the insolvent partner to the other two partners. The amount, if any, due from him to the other two partners, can only be ascertained by a final accounting between them. It is true the record shows both the capital and personal accounts of Samuel E. George to have been heavily overdrawn, but *non constat*, that the accounts of the other partners were not also overdrawn, nor does it at all appear what will be the result of a final accounting between them. So that even if the claim in controversy had not been assigned to the firm creditors we could not say that it represented the sum due to the two partners now asserting it from their insolvent partner whose individual estate is before the Court for distribution.

We are therefore of opinion that, apart from the difficulty presented by the circumstance that the appellants are not the owners of the claim under consideration, we would be compelled under the rulings in *Pott* v. *Schmucker*, to reject the claim if it had been asserted by its true owners.

*Order affirmed with costs.*

(Decided March 7th, 1901.)